```
              UNITED STATES BANKRUPTCY COURT
            MIDDLE DISTRICT OF NORTH CAROLINA
                      DURHAM DIVISION
```

IN RE:                        )
                              )
                              )
Amy Lynn Henderson,           )   Case No. 09-82159C-13D
                              )
          Debtor.             )
                              )

## OPINION AND ORDER

This case came before the court on January 6, 2011, for a hearing to determine whether the Debtor's proposed plan of reorganization should be confirmed. Edward C. Boltz appeared on behalf of the Debtor, Kimberly A. Sheek appeared on behalf of American Home Mortgage Servicing, Inc. ("AHM"), and Benjamin E. Lovell appeared on behalf of the Chapter 13 Trustee, Richard M. Hutson II. Having considered the proposed plan, the objection filed by AHM, the briefs and arguments presented by the attorneys and the matters of record in this case, the court makes the following findings and conclusions.

## FACTS

At issue are the provisions in the plan dealing with the claim of AHM. AHM is a secured creditor pursuant to a promissory note from the Debtor which is secured by a deed of trust on the Debtor's residence located at 2713 Omaha Street, Durham, North Carolina. The proof of claim filed by AHM indicates secured indebtedness of $133,233.02 and an arrearage of $20,324.02 as of the petition date. The Debtor has not challenged the validity of the promissory note

and deed of trust held by AHM and proposes to treat AHM's claim as fully secured. The proposed plan asserts that the anti-modification provision in section 1322(b)(2) is not applicable in this case because AHM is secured by collateral other than the Debtor's residence and that the rights of AHM therefore can be modified pursuant to section 1322(b)(2), which the plan proposes to do.[1] The proposed modifications include changing the interest rate under the promissory note held by AHM from an adjustable rate to a fixed rate of 5.25% per annum, disallowing the arrearage claim and "re-amortizing" the $20,324.02 arrearage "into the loan for the remaining term of the loan" and fixing an ongoing payment amount of $869.00 to AHM for principal, interest and escrow amounts for taxes and insurance. For the reasons discussed below, the court has concluded that the provisions related to AHM's claim preclude confirmation of Debtor's plan. Such provisions do not comply with section 1322(d) of the Bankruptcy Code with the result that the proposed plan does not satisfy section 1325(a)(1) and its requirement that a plan comply with all of the provisions of chapter 13.

ANALYSIS

Section 1322(b)(2) permits a plan provision that modifies a

---

[1] Relying upon the decision in In re Bradsher, 427 B.R. 386 (Bankr. M.D.N.C. 2010), the Debtor asserts that the AHM claim is not secured only by the Debtor's principal residence because AHM's deed of trust also grants a security interest in the Debtor's escrow account at AHM.

secured claim other than a claim secured only by a security interest in real property that is the debtor's principal residence. If, as in the present case, a debtor proceeds under section 1322(b)(2), however, the plan is subject to the limitation contained in section 1322(d) under which the plan may not provide for payments over a period that is longer than five years in the case of an above median income debtor or three years as to a below median income debtor. Together, sections 1322(b)(2) and 1322(d) mean that a chapter 13 debtor may not modify a secured claim and repay it over a period longer than the term of the plan. See Enewally v. Washington Mut. Bank (In re Enewally), 368 F.3d 1165, 1172 (9th Cir. 2004); In re Russell, No. 10-11720-SSM, 2010 WL 2671496, at *4-6 (Bankr. E.D. Va. June 30, 2010).[2]

The proposed treatment for the claim of AHM clearly involves a modification of the claim. The modifications involve "re-amortizing" the loan by changing the interest rate specified in the note and deed of trust, reducing the amount of the monthly payments to AHM and folding the arrearage into the loan balance and spreading the repayment of the arrearage over the remaining term of

---

[2] It should be noted that the plan in this case does not involve section 1322(b)(5) which allows a plan to provide for the curing of a default and maintenance of the regular payments while the case is pending. As pointed out in Enewally, section 1322(b)(5) is not available if the plan modifies the secured claim rather than merely curing the default. Enewally, 368 F.3d at 1172 ("a chapter 13 debtor may not invoke both a modification of a secured creditor's claim under § 1322(b)(2) and the right to 'cure and maintain' beyond the plan term as authorized under § 1322(b)(5)").

the loan. It likewise is clear that by providing that the reduced monthly payments are to be made over the remaining term of the thirty-year loan (*i.e.*, through June of 2035), the plan provides for payments for a period that is longer than the term of the plan. As a result, the proposed plan does not comply with section 1322(d), which means that the plan does not satisfy section 1325(a)(1) and therefore is not confirmable. Accordingly, AHM's objection to confirmation of the plan shall be sustained and confirmation of the plan shall be denied.

IT IS SO ORDERED.

This 24th day of January, 2011.

_____
WILLIAM L. STOCKS
United States Bankruptcy Judge

PARTIES IN INTEREST

Kimberly A. Sheek, Esq.
10130 Perimeter Parkway, Suite 400
Charlotte, NC 28216

Edward C. Boltz, Esq.
6616-203 Six Forks Road
Raleigh, NC 27615

Richard M. Hutson, Standing Trustee